UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:15CR_____ |
| | ) | |
| | ) | **BILL OF INFORMATION** |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | |
| (1) HANNES TULVING, JR. | ) | |
| (2) THE TULVING COMPANY, INC. | ) | |

FILED
CHARLOTTE, NC

MAY 0 8 2015

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

1. From in or about August 2013 through in or about January 2014, the defendants HANNES TULVING, JR ("TULVING") and THE TULVING COMPANY, INC. ("TULVING CO.") executed a scheme to defraud individuals by inducing customers to place orders for gold and silver coins, among other things, and wire money for those goods knowing that those orders could not be fulfilled as advertised and promised, resulting in a loss of over $15,000,000 to over 400 victims.

2. TULVING CO., based in Costa Mesa, California, was in the business of selling coins, bullion, and precious metals ("coins") over the internet. TULVING was the sole owner, shareholder and President of TULVING CO. TULVING CO. had approximately 10 employees.

3. TULVING CO. and TULVING offered customers the opportunity to buy coins via the web site www.tulving.com. Customers who wanted to purchase goods would communicate with TULVING CO. either by email or telephone. Once an order was placed and accepted, the customer would usually wire funds to TULVING CO.. When the money was received, TULVING CO. would begin the process of shipping the coins to the customer. The TULVING CO. web site promised to deliver the coins on a specific timetable depending on the type of merchandise.

4. TULVING CO. and TULVING had customers throughout the United States. During the course of the business's operations, and during the relevant time period, emails were sent from TULVING CO. and TULVING in California to customers throughout the United States, including the Western District of North Carolina. Likewise wire payments were sent from these customers, including those within the Western District of North Carolina, to TULVING CO. and TULVING.

5. Beginning in or about August 2013, TULVING CO. and TULVING induced customers to place orders and send money knowing that they could not be fulfilled as advertised.

While customers were promised that their orders would be processed and shipped as advertised and agreed, in reality, TULVING CO. and TULVING knew they could not fulfill the orders as agreed, and in many instances diverted customer payments to further the scheme and keep the business going.

6. As a result of TULVING CO. and TULVING' fraudulent inducements and false and misleading promises approximately 400 customers, including customers in the Western District of North Carolina, never received their coins, resulting in an approximately total loss to customers of over $15,000,000.

## COUNT ONE
### (Wire Fraud)

7. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 6 of this Bill of Information, and further alleges that:

8. From in or about August 2013 through in or about January 2014, in Union, Gaston, Henderson, and Yancey Counties, within the Western District of North Carolina and elsewhere, the defendants,

**(1) HANNES TULVING, JR., and**
**(2) THE TULVING COMPANY, INC.**

aiding and abetting one another, with the intent to defraud, did knowingly and intentionally devise the above described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to defraud, did cause to be transmitted by means of wire communication in interstate commerce writings, signals, or sounds, to wit, the defendants, while located in California did send and receive emails, telephone calls, and wire transfers to and from investors and their intermediaries in other States, including the Western District of North Carolina.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE

9. Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

   a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Information; and

   b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

10. The following property is subject to forfeiture on one or more of the grounds stated above:

   a. A forfeiture money judgment in the amount of at least $15,000,000, such amount constituting the proceeds of the violations set forth in this Bill of Information; and

   b. Any and all currency, coins, stones, and metals seized by law enforcement, on and around March 8, 2014, from the office of the Tulving Company, Inc., during the execution of a Search Warrant in this matter. Such items include but are not limited to the following:

      i. in excess of 189,000 coins in various denominations, including but not limited to thousands of Penny coins, Nickel coins, Dime coins, Quarter coins, Half-Dollar coins, Dollar coins (including coins with errors), Five Dollar coins, Ten-Dollar coins, Twenty-Five Dollar coins, Fifty Dollar coins, and One-Hundred Dollar coins;

      ii. other miscellaneous individual coins, including but not limited to Cuban coins, "cut" coins, English coins, a "Robert E. Lee" coin, a "Madame Bolanger" coin; a "Franklin Collectors Society" coin, a "Vote for Mike Ellis" coin, a "gg mining" coin, a "George Washington" coin, Netherlands coins, Argentine coins, American Eagle coins, and French coins;

      iii. numerous complete and incomplete coin sets;

      iv. Canadian paper money;

      v.      bars and precious metals, including dozens of gold bars and multiple kilograms of silver; and

      vi.     an Emerald-colored gemstone.

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

_/s/ Kevin Zolot_
KEVIN ZOLOT
ASSISTANT UNITED STATES ATTORNEY