FILED
ASHEVILLE, N.C.
JUN - 3 2015
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:15CR 115 |
| ) | |
| v. ) | |
| ) | |
| (1) HANNES TULVING, JR., and ) | |
| (2) THE TULVING COMPANY, INC. ) | |
| _____ ) | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re: The Tulving Company, Inc. ) | |
| Debtor. ) | DOCKET NO. 8:14-bk-11492-ES |
| _____ ) | |

**CONSENT MOTION AND PROPOSED ORDER FOR COORDINATION AGREEMENT FOR DISTRIBUTION OF SEIZED ITEMS FROM UNITED STATES TO BANKRUPTCY TRUSTEE AND FROM TRUSTEE TO VICTIMS**

NOW COME the United States of America, by and through Jill W. Rose, Acting United States Attorney for the Western District of North Carolina ("the Government" or "the United States"); Hannes Tulving, Jr. ("Tulving"); the Tulving Company, Inc. ("Tulving Company"); and R. Todd Neilson as Chapter 7 Trustee for Tulving Company ("the Trustee") (collectively, "the Parties") and request that the District Court for the Western District of North Carolina, Charlotte Division ("the District Court") and the Bankruptcy Court for the Central District of California, Santa Ana Division ("the Bankruptcy Court") enter this Proposed Coordination Agreement.

As explained more fully below, under the unique circumstances of these cases the Parties submit this Proposed Coordination Agreement ("Coordination Agreement") to the District Court and Bankruptcy Court for the purpose of achieving prompt liquidation of seized unique and rare

Page 1 of 9

assets and distribution of funds for the benefit of victims. The Parties submit herein a proposed framework for:

(1) expediting the finalization of a proposed list of victims of the crimes of Tulving and Tulving Company, particularly in light of the fact that the Trustee has already formulated a draft list pending before the Bankruptcy Court;

(2) expediting liquidation by the Trustee of unique and rare assets—including but not limited to unusual, rare, and valuable, but illiquid, coins seized by the Government pursuant to the criminal investigation of Tulving and Tulving Company—that could be more promptly liquidated by the Trustee and/or any expert/s that he may employ in the already pending bankruptcy case than in the criminal case;

(3) expediting distribution of proceeds of the sale of such assets to victims by routing the sale proceeds through the already-pending and actively-litigated bankruptcy case, as opposed to the newly filed criminal case; and

(4) avoiding potentially unnecessary, time-consuming, and costly multi-district disputes among the Parties over assets, particularly since such disputes could impede the prompt delivery of funds to victims.

More specifically, in support of the Coordination Agreement, the parties submit the following background, findings, and conclusions for consideration and approval by the District Court and Bankruptcy Court.

WHEREAS, on or about March 8, 2014, on probable cause that Tulving and the Tulving Company were engaged in fraud, Special Agents of the United States Secret Service executed a Search Warrant (Central District of California Case SA14-00115M) on the offices of Tulving

Company, resulting in seizure of the gemstones, coins, and currency (hereafter, "the Seized Items") described as line items seven through thirty-four and thirty-six through fifty-two of a Search Warrant Return attached hereto as Attachment A;

WHEREAS, on or about March 21, 2014, in the case of *In re The Tulving Company, Inc.* (Case 8:14-bk-11492-ES; "the Bankruptcy Case"), the Bankruptcy Court, Honorable Bankruptcy Judge Erithe Smith presiding, issued an Order Approving the U.S. Trustee's Application for the Appointment of the Trustee;

WHEREAS, Tulving has signed a Plea Agreement whereby he has agreed to plead guilty to 18 U.S.C. § 1343 wire fraud charges set forth in a Bill of Information in the Western District of North Carolina and Tulving Company has signed a Plea Agreement whereby Tulving Company has agreed to plead guilty to the same charges set forth in the same Bill of Information (criminal case referred to herein as "the Criminal Case");

WHEREAS, the Plea Agreement signed by Tulving and the Plea Agreement signed by Tulving Company contain agreements about restitution to victims and forfeiture;

WHEREAS, the Parties have entered into this Coordination Agreement and propose this Coordination Agreement to the Bankruptcy Court and District Court in order *to set forth and obtain approval of a framework for liquidation and distribution of the Seized Items*;

WHEREAS, the Mandatory Victims Restitution Act, codified at 18 U.S.C. §§ 3663A, 3663, and 3664, and the Crime Victims' Rights Act, codified at 18 U.S.C. § 3771, provide for mandatory restitution to victims of the offenses in the Criminal Case and afford victims certain rights, including but not limited to rights to proceedings free from unreasonable delay;

WHEREAS, because of the nature of the fraud, the Bankruptcy Case claimants are primarily Tulving Company customers—the same customers who are victims in the Criminal Case. Furthermore, the Bankruptcy Trustee has undertaken significant efforts to determine the losses incurred by those customers. These efforts have included, among other things, a review and comparison of the Tulving Company bank records with Tulving Company business records, as well as review of complaints filed by customers with the State of California. During and after reviewing the records and complaints, the Trustee made direct contact with all known and identified Tulving Company customers and provided notice of the Bankruptcy to the general public. After the notice period, the Trustee received approximately 381 claims by victim creditors. Based on the United States Secret Service's review of the same records, the list of victim creditors is substantially similar to the list of victims in the Criminal Case.

WHEREAS, the Parties believe that the 381 Tulving Company customers identified in the Bankruptcy Case will be substantively similar, if not identical, to victims identified for purposes of restitution under 18 U.S.C. §§ 3663A and 3664 in the Criminal Case;

WHEREAS, in order to resolve any potential claims by the Trustee to the Seized Items if they were to be forfeited in the Criminal Case, and to expedite liquidation of the Seized Items and distribution of funds obtained from liquidation to victims, the Parties enter into the following stipulations and propose and request that the Bankruptcy Court sign and enter this Coordination Agreement in the Bankruptcy Case and the District Court sign and enter this Coordination Agreement in the Criminal Case. The Parties and the Bankruptcy Trustee agree that, if either the Bankruptcy Court or the District Court does not enter this Coordination Agreement, the terms of

this Coordination Agreement shall not be effective, although the Government, Tulving, and Tulving Company shall still be bound by the terms of the Plea Agreements in the Criminal Case;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND AGREED that:

1. The Parties agree that the Seized Items constitute or are derived from fraud proceeds or otherwise could be ordered forfeited as substitute property in the Criminal Case;

2. The Government agrees that the Trustee is in a more advantageous position than the Government to efficiently and promptly liquidate the Seized Items and distribute funds derived from liquidation to Tulving Company customers;

3. The Government agrees that Tulving Company customers, with total losses by 381 customers who have filed claims with the Trustee calculated to-date by the Trustee as $17,878,022.83, are substantively similar to victims that the Government would contend are entitled to restitution in the Criminal Case and shall be considered "Victims" for purposes of this Coordination Agreement;

4. The Parties and the Trustee agree that prompt payment to such Victims can best be achieved by (1) the Trustee proposing, on or before sixty days after this Coordination Agreement is signed by both the Bankruptcy Court and the District Court, in the form of an omnibus motion or other filed pleading sufficient for filing in court, a final list of Victims and losses to the Parties, to the Bankruptcy Court, and to the District Court and proposing a plan for liquidation of the Seized Items to the Bankruptcy Court and the District Court, including a plan for all disbursements of costs and expenses and all

disbursements to Victims and (2) the Government, if it is in agreement with the Victim list and plan for liquidation, and if the Bankruptcy Court approves the plan for liquidation, turning over Seized Items to the Trustee in an amount sufficient, based on best estimates of appraised value of the Seized Items, to satisfy the payouts proposed by the Trustee as set forth herein. The Trustee agrees that he shall make every effort to prioritize payments to Victims over all other payments, except for reasonable costs and expenses of liquidation approved by the Bankruptcy Court to which the Parties do not object in writing. The Government reserves the right to decline to turn over Seized Items to the Trustee in the event that, in the Government's sole discretion, any part of the plan set forth by the Trustee or any pending or anticipated litigation in the Bankruptcy Case is not, in light of all of the circumstances of the Bankruptcy Case and the Criminal Case, beneficial to prompt recovery for Victims.

5. The Parties and the Trustee agree that any Seized Items not otherwise turned over to the Trustee to pay Victims may be, subject to further administrative proceedings and/or further order/s of the District Court, forfeited and/or subject to garnishment, as more fully specified in the Plea Agreement signed by Tulving and the Plea Agreement signed by Tulving Company. The Parties agree that, once all Victims have been paid as proposed by the Trustee and approved by the Bankruptcy Court, the Trustee waives any right to claim any of the Seized Items.

6. This Coordination Agreement shall not constitute a waiver of the Department of Justice's or United States Secret Service's rights to bring criminal, civil, and/or administrative forfeiture proceedings, the Government's right to bring garnishment

proceedings or other proceedings under the restitution and debt collection laws, or the Government's right to file claims to assets other than the Seized Items in the Bankruptcy Case, nor shall it constitute a waiver by the Trustee of any rights that the Trustee may have to pursue assets, other than the Seized Items, in the Bankruptcy Case.

7. The Parties are hereby barred from asserting, or assisting others in asserting, any claim against the United States and any and all agents and employees of the United States (including but not limited to the Department of Justice ("DOJ"), the United States Attorney's Office, Western District of North Carolina ("USAO-WDNC"), the United States Secret Service ("USSS"), the United States Department of Treasury, Treasury Executive Office for Asset Forfeiture ("TEOAF"), and any agents and employees of the United States, DOJ, USAO-WDNC, USSS, and TEOAF), in connection with or arising out of the seizure, restraint, and/or constructive possession of the Seized Items, including, but not limited to, any claim that there was no probable cause to seize the Seized Items, that the Trustee is a prevailing party, or that the Trustee is entitled to attorney's fees or any award of interest.

8. The Parties shall bear their own costs and attorney's fees, except as otherwise provided herein on costs and expenses approved by the Bankruptcy Court.

9. This Coordination Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Coordination Agreement. Fax or PDF copies shall be treated as originals.

10. The Parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Coordination Agreement.

11. The Bankruptcy Court and District Court shall have exclusive jurisdiction over the interpretation and enforcement of this Coordination Agreement under the applicable law in each of their respective cases.

12. Except as otherwise noted in the Plea Agreement signed by Tulving and the Plea Agreement signed by Tulving Company, this Coordination Agreement constitutes the complete agreement amongst the Parties in this matter and may not be amended except by written consent thereof.

13. Notwithstanding the possible applicability of the Bankruptcy Rules and subject to the provisions above, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

AGREED AND CONSENTED TO:

JILL WESTMORLAND ROSE
Acting United States Attorney for the Western District of North Carolina
Attorney for Plaintiff

By: _____  May 8, 2015
Benjamin Bain-Creed            Date
Assistant United States Attorney
Florida Bar # 0021436
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6629
E-mail: benjamin.bain-creed@usdoj.gov

R. TODD NEILSON
Solely in his capacity as
Chapter 7 Trustee for The Tulving Co., Inc.

By: _____   _____
R. Todd Neilson                      Date
Director, Berkeley Research Group, LLC
2049 Century Park East, Suite 2525
Los Angeles, CA 90067
Tel:  (310) 499-4750
Fax:  (310) 557-8982
Email: tneilson@thinkbrg.com


DEFENDANTS HANNES TULVING, JR. AND TULVING CO., INC.

By: _____*signature*_____   ___4-29-15___
Hannes Tulving, Jr.                  Date
in his individual capacity and as an
authorized signatory for The Tulving Co., Inc.


_____*signature*_____        ___5/4/15___
James F. Wyatt, Esq.                 Date
Attorney for Hannes Tulving Jr.
Attorney for The Tulving Co., Inc.

SO ORDERED:
_____*signature*_____        ___6-3-15___
Hon. Max O. Cogburn Jr.              Date
UNITED STATES DISTRICT JUDGE


SO ORDERED:

_____   _____
Hon. Erithe A. Smith                 Date
UNITED STATES BANKRUPTCY JUDGE

| Return | | |
|---|---|---|
| Case No.: SA 14-0015M | Date and time warrant executed: 03/08/2014 APPROX: 1600 | Copy of warrant and inventory left with: TULVING CO. 750 W. 17th St, Suite A, CM, CA |
| Inventory made in the presence of: Special Agent T. Corum/United States Secret Service/OC | | |

*Inventory of the property taken and name of any person(s) seized:*
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

1. Seventeen (17) Desktop Computer Towers
2. Fourteen (14) small cardboard boxes containing financial and operational documents regarding the unfulfilled unshipped orders and business operations of the Tulving Company.
3. One (1) Virtual Private Network (VPN) Firewall
4. One (1) Computer Network Server
5. One (1) Locked Metal Safe
6. One (1) External Hard Drive
7. 8832 "Penny" coins in plasic sleeves
8. 23,607 "Nickel" coins in plastic sleeves
9. 34,908 "Dime" coins in plastic sleeves
10. 64,586 "Quarter" coins in plastic sleeves
11. 5,518 "Half Dollar" coins in plastic sleeves
12. 51,459 "Dollar" coins in plastic sleeves
13. One (1) Emerald colored gemstone
14. Eighty (80) Copper colored coins
15. One (1) "cuban" coins
16. Five (5) "cut" coins
17. One (1) coin mold
18. One (1) Misc certificates
19. Two (2) plastic cased coin set
20. One (1) plastic cased English coin set
21. Two (2) incomplete plastic cased coin set – (INVENTORY CONTINUED ON ATTACHMENT A)

*Certification* (by officer present during the execution of the warrant)

*I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.*

Date: 03/27/14

*Executing officer's signature*

Todd Corum /Special Agent/US Secret Service
*Printed name and title*

AUSA: A. Liskamm

CASE NO: SA 14-0015M

ATTACHMENT A
INVENTORY OF PROPERTY TAKEN (CONTINUED)

22.1 Canadian paper money
23. One (1) "Robert E. Lee" silver colored coin
24. Two (2) "Madame Bolanger" gold colored coin
25. One (1) "Franklin Collectors Society" coin in plastic
26. One (1) "Vote for Mike Ellis" gold colored coin
27. One (1) "gg mining" silver colored coin in plastic
28. One (1) "George Washington" copper colored coin
29. 34 Netherland coins silver in color
30. 13 Argentine coins gold in color
31. 110 American Eagle gold coin boxes
32. One (1) White bucket containing 25.48 kilograms of silver colored metal
33. 631 "Dollar" coins gold in color
34. Three (3) "Quarters" silver in color
35. One (1) Invoice labeled with number "83881"
36. Two. (2) Ten $10.00 coins labelled "Platinum"
37. One (1) Twenty five $25.00 coin labelled "Platinum"
38. One (1) One Hundred dollar coin $100.00 labelled "Platinum"
39. One (1) One Dollar coin $1.00 labeled "missing edge lettering"
40. Fifty 50Fifty Dollar coin labeled "fine gold"
41. Three (3) One Hundred Dollar coins labeled "gold"
42. One (1) Five Dollar coin gold in color
43. Six (6) gold colored French coins
44. Twelve (12) gold colored bars labeled "10G"
45. 53 gold colored bars labeled "1G"
46. Five (5) gold colored bars labled "5G"
47. One (1) gold colored bar labeled "2.5G"
48. One (1) gold colored bar labeled "perth mint"
49. Eight (8) gold colored coins from foreign nations
50. Two (2) gold colored bars labeled "SMI 1G"
51. One (1) gold colored bars labeled "SMI 10G"
52. One (1) bag of four "returned coins"